SCHNEIDER et v WOLF et

Ohio Appeals, 2nd Dist, Montgomery Co

No 857. Decided Sept 28, 1928

Jacobson & Pfarrer, Dayton, for Schneider.

H E Kreitzer and Joseph W Sharts, Dayton, for Wolf.

BY THE COURT

The question presented by the proceedings in error is as to the right of virtual representation of the unborn children of D. L. Wolf. This is an important question, and the exact case has not been determined in this state. It has been held in numerous cases in this state, and in other states, that where the unborn defendants are represented in court by persons having exactly the same interests and the case is adjudicated, this adjudication will bind the unborn heirs.

In the recent case of **Bennett vs. Fleming, 105 O. S., 352,** it was held in the syllabus that:

(Here follows quotation)

This action involved a proceedings for the sale of real estate under the entailed statute, but we think the language of it is broad enough to contemplate a proceedings in partition, especially where the case in partition is brought by another party whose title to the moiety claimed is free from any entanglement of the entailment provision.

The question again came up in the case of **Judy vs. Trollinger, in 110 O. S., page 576,** where virtual representation of an unborn child is effected in the sale of entailed estates. It is true that in this particular case the statute expressly provides for virtual representation. However, where the suit is brought by a party whose right to partition is clear, we think the duty of virtual representation exists as a matter of necessity under the common law.

The case of **Stewart vs. O'Neal** decided by the Federal Court of Appeals at Cincinnati, and reported in **14 Ohio Law Reporter, 553,** is directly in point.

In that case, a will granting a contingent estate to unborn heirs was set aside and it was sought to set aside that decree upon the birth of an heir provided for in the will. It was held that the heir was bound upon the doctrine of virtual representation.

The plaintiff is entitled to partition. There is no doubt of his right to partition, and that he should be defeated in the partition because one of the heirs has a limited estate in which his unborn heirs might be entitled to an interest, is covered by the provisions of the common law.

We are therefore of opinion that the judgment of the Court of Common Pleas was proper and should be affirmed.

Ferneding, Kunkle and Allread, JJ, concur.